IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE M. SCAPPINO, | ) | CASE NO. 1:12-cv-02694 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

This matter is before this Court on Plaintiff Christine M. Scappino's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) with Supporting Memorandum.  Doc. 25 (Plaintiff's Motion").  The Commissioner filed a Response in opposition to Plaintiff's Motion arguing that the amount of attorney fees requested amounts to a windfall to Scappino's counsel.  Doc. 27. Plaintiff filed a Reply.  Doc. 28.

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion and awards attorney fees in the amount of $15,633.00 provided that Plaintiff's counsel refunds to Plaintiff $3,500.00 in attorney fees that this Court previously awarded under the Equal Access to Justice Act ("EAJA") (Doc. 24).

## I.     Procedural History

On March 19, 2014, the Court reversed and remanded the Commissioner's decision. Doc. 20, Doc. 21.  Pursuant to the parties' stipulation, on June 20, 2014, the Court awarded Plaintiff attorney fees under the EAJA in the amount of $3,500.00.  Doc. 24.   Thereafter, Plaintiff was awarded past-due benefits in the amount of $102,652.00.  Doc. 25, Doc. 25-1, Doc. 25-2.

1

On March 30, 2015, Scappino filed the Motion for Attorney Fees presently before the Court. Doc. 25. On April 27, 2015, Defendant filed a response in opposition to Plaintiff's Motion (Doc. 27) and, on May 10, 2015, Scappino filed a reply (Doc. 28).

## II. Law & Analysis

### A. Attorney fee awards in social security disability cases

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case. First, under the EAJA, a plaintiff may recover attorney fees which, if awarded, are paid by the government. *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past due-due benefits. *See* 42 U.S.C. § 406(b). The fee awarded pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits. *Id.* Further, a plaintiff's counsel may not receive fees under both statutes for the same work. *Bowman v. Colvin*, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014). Thus, if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### B. Reasonableness of attorney fees under 42 U.S.C. § 406(b)

In *Gilsbrecht*, the Supreme Court recognized the "prevalence of contingent-fee agreements between attorneys and Social Security claimants." *Id.* at 805. In doing so, the Supreme Court held that " §406(b) does not displace contingent-fee agreements within the statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-809. The Supreme Court observed that, in enacting § 406(b), Congress set one boundary line, namely, "Agreements are unenforceable to the extent

2

that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*at 807. However, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The Supreme Court further observed that courts have properly reduced attorney fees below the contingency fee contract amount "based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Additionally, "[i]f benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Thus, a "court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en banc)). Courts shall make deductions for large fees in only two circumstances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended*." *Hayes*, 923 F.2d at 420-421 (discussing *Rodriquez*, 865 F.2d at 746) (emphasis in original). If the foregoing reasons are not applicable, "an agreement for a 25% fee,

3

the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id.* at 421.

In *Hayes*, while recognizing that, in *Rodriquez*, it had provided "district courts license to consider the hourly rate represented by an attorney's 25% fee [because] [c]alculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," the Sixth Circuit faulted the district court for limiting attorney fees to a particular flat hourly rate that a court found reasonable. *Hayes*, 923 F.2d at 421-422. The Sixth Circuit noted that "42 U.S.C. § 406(b)(1), establishes a cap on attorney's fees of 25% of the claimant's award, not a cap on the hourly rate." *Id* at 421. Because of confusion resulting from the latitude permitted courts in determining how an hourly rate computation might be considered in arriving at an appropriate fee under § 406(b), the Sixth Circuit in *Hayes* determined that it was necessary to establish a more certain rule and in doing so held that:

> A calculation of a hypothetical hourly rate that is twice the standard rate[1] is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of the *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees.

*Hayes*, 923 F.2d at 422.

**C. Plaintiff's request for attorney fee award under 42 U.S.C. § 406(b)**

Plaintiff was awarded past due social security benefits. Doc. 25-1, Doc. 25-2. The amount of retroactive benefits awarded totaled $102,652.00. Doc. 25, Doc. 25-1, Doc. 25-2.

---

[1] "Standard rate" refers to "the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Scappino signed an Attorney Fee Agreement wherein she agreed to pay her attorney 25% of all past-due benefits awarded her if the Social Security Administration favorably decided her claim after a decision by a Federal Court. Doc. 25-3. The Social Security Administration withheld $25,663.00 from these benefits, representing 25% of the past-due benefits. Doc. 25-1, p. 2. The Social Security Administration previously authorized payment of attorney fees under 42 U.S.C. § 406(a) in the amount of $10,000.00 from the withheld funds for attorney services rendered at the administrative level. Doc. 10, Doc. 11, Doc. 12. Plaintiff requests that the Court award payment of attorney fees to her attorney from her past-due benefits in the remaining amount of $15,663.00. Doc. 25, Doc. 25-19. Plaintiff's counsel submitted affidavits documenting a total of 21 hours expended in connection with the federal court litigation. Doc. 25-4, Doc. 25-7. Based on 21 hours of work, payment of $15,663.00 would result in an hourly rate of $745.86, which is more than twice the amount of the hourly rate of $350.00 normally charged by Plaintiff's counsel. Doc. 25, Doc. 25-9.

    The Commissioner does not contend that Plaintiff's counsel acted improperly or was ineffective. However, the Commissioner argues that the amount requested, if awarded, would result in a windfall to Scappino's counsel. Doc. 27. The Commissioner argues that there is no evidence that Attorney Balin or anyone from her firm has truly billed a client at $350.00 per hour and thus contends that this Court should find the evidence insufficient to establish a standard market rate for social security lawyers in this region. Doc. 27, pp. 5-6. Instead, the Commissioner argues that the appropriate hourly billing rate to use as a baseline for calculating whether the amount requested constitutes a windfall is the hourly rate requested in the EAJA application, i.e., an hourly rate between $177.85 and $183.75. Doc. 27, Doc. 22, p. 7.

As acknowledged by the Commissioner, contingency fee agreements are the norm in social security disability cases. Doc. 27, pp. 5-6. Thus, it is not surprising that Plaintiff's counsel might lack *actual* billing records reflecting billing and collection of attorney fees at an hourly rate of $350.00 per hour. Plaintiff's counsel did, however, request attorney fees at an hourly rate of $350.00 in their fee petition submitted to the Social Security Administration. Doc. 25-10. Further, as support for Plaintiff's position that her counsel's stated hourly rate of $350.00 is a standard rate for work in the relevant market, Plaintiff submitted an affidavit from Louise Mosher, a social security practitioner in the area, indicating that her current hourly rate is $350.00 per hour. Doc. 25-13.

Counsel's submission of the hours expended on the case and counsel's normal billing rate in noncontingent-fee cases is to be used by a court as an aid for determining the reasonableness of the fee resulting from a contingent fee agreement. *Gisbrecht*, 535 U.S. at 808. While EAJA awards tend to be based on hourly rates below the $350.00 hourly rate that Plaintiff's counsel states is counsel's normal billing rate, fee awards under the EAJA are subject to a different analysis than fees under § 406(b). Additionally, fees under the EAJA are paid by the United States whereas fees under § 406(b) are paid from funds due a claimant. Further, as stated by the Sixth Circuit in *Hayes*, a court should not limit fees under § 406(b) to an amount based on an hourly rate that a particular court deems reasonable. *Hayes*, 923 F.2d at 421. Based on the foregoing, the Court finds the Commissioner's request to use the EAJA hourly rate requested by Plaintiff in her EAJA application as a baseline for assessing the reasonableness of attorney fees under § 406(b) unpersuasive and finds that the starting point for assessing the reasonableness of Plaintiff's fee request is $350.00 per hour.

Here, doubling Plaintiff's counsel's stated hourly rate of $350.00 as instructed by *Hayes* results in an hourly rate of $700.00 or a total of $14,700.00 based on 21 hours. Plaintiff requests a total of $15,663.00, which, when divided by 21 hours, amounts to an hourly rate of $745.86. As observed by the Sixth Circuit, "[i]t is not unusual for contingent fees to translate into large hourly rates." *Hayes*, 923 F.2d at 421. Further, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id* at 422.

The amount of fee requested does not exceed the 25% cap set forth in § 406(b). In fact, the fee requested, i.e., $15,663.00, amounts to approximately 15% of the past-due benefit award, which is much less than the 25% statutory cap.[2] *See Ratliff v. Comm'r of Sec. Sec.*, 2013 WL 633606 (N.D. Ohio Feb. 20, 2013) (relying on *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)) (observing that a court "need not aggregate the § 406(b) fees . . . with the fees previously awarded to counsel under § 406(a) for services before the agency."). Further, even if the Court aggregated the amount awarded by the agency with the amount of fees requested herein, the total amount would not exceed the 25% cap set forth in § 406(b) nor would it exceed the 25% contingent fee amount agreed to by Plaintiff.

In addition to the fact that the fee requested does not exceed the 25% statutory cap or the amount agreed to by Plaintiff in her Attorney Fee Agreement, the Commissioner has not demonstrated that an award of $15,633.00 would result in an undeserved windfall in this case. For instance, Plaintiff's counsel persevered with Plaintiff since 2009 and there has been no showing that the length of time it took for the Social Security Administration to award benefits to Plaintiff was the result of lack of diligence on the part of counsel. Further, Plaintiff has submitted a letter indicating that she is "extremely satisfied with the services rendered to [her] by

---

[2] In addition, when taking into account the $3,500.00 EAJA award that would have to be refunded to Plaintiff if Plaintiff's request for fees under § 406(b) is approved, the percentage of the past-due benefit award is reduced to approximately 12%.

7

the law firm of Paulette F. Balin & Associates, LLC and with the result [she] received through their representation." Doc. 25-19.

For the reasons set forth herein, the Court finds that, although an award of $15,633.00 is equivalent to twice the amount of counsel's normal hourly rate, the amount does not exceed the 25% contingency fee that Plaintiff agreed upon and that is allowed under 42 U.S.C. § 406(b) and the Commissioner has not shown that such an award would constitute an undeserved windfall.[3]

### III.    Conclusion

Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) with Supporting Memorandum (Doc. 25) is **GRANTED** in the amount of $15,633.00 provided that Plaintiff's counsel refunds to Plaintiff the $3,500.00 previously paid under the EAJA.

Dated:  December 1, 2015

Kathleen B. Burke
United States Magistrate Judge

---

[3] Further, if a fee award is authorized under § 406(b), Plaintiff's counsel is required to refund to Plaintiff the $3,500.00 paid pursuant to the EAJA award. Thus, after deducting the amount of the EAJA award, the net amount Plaintiff's counsel would receive from Plaintiff's past-due benefits, if Plaintiff's fee request is granted, is $12,163.00. That amount divided by 21 hours amounts to an hourly rate of $579.19, which is less than $700.00 (twice the hourly rate of $350.00) and therefore *per se* reasonable. *Hayes*, 923 F.2d at 422 (concluding that "a hypothetical rate that is less than twice the standard rate is *per se* reasonable").